Anthony C. Duffy (CA State Bar No. 50432)
Travis M. Teague (CA State Bar No. 246975)
DUFFY LAW GROUP, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949
Facsimile: (714) 375-6699
E-Mail: aduffy@aduffylaw.com
E-Mail: tteague@upstreamlfe.com

Attorney for Plaintiff MATTHEW CLONTS

**Duffy Law Group, P.C.**
17011 Beach Blvd, Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW CLONTS, an individual<br><br>Plaintiff,<br><br>v.<br><br>STAR SCIENTIFIC LIMITED, an Australian company; ANDREW HORVATH, an individual; PAMELA HORVATH, an individual; ROBERT JAMES BRIGGS aka ROBBIE BRIGGS, an individual; DAVID GAIAN aka DAVID SCHACHTSCHNEIDER, an individual; MONUME HOLDINGS, LIMITED, a British company; and MONUME LLC, a UAE Company,<br><br>Defendants. | CASE NO. ________<br><br>**COMPLAINT FOR DAMAGES, RESCISSION AND RESTITUTION, AND MONEY FOR:**<br><br>**1. FRAUD AND DECEIT;**<br>**2. RESCISSION AND RESTITUTION;**<br>**3. VIOLATIONS OF SECTION 10(b) AND SECTION 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934 AND SEC RULE 10b-5;**<br>**4. RESCISSION AND RESTITUTION FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934;**<br>**5. SALE OF UNREGISTERED SECURITIES IN VIOLATION OF THE SECURITIES ACT OF 1933;**<br>**6. NEGLIGENT MISREPRESENTATION;**<br>**7. BREACH OF CONTRACT;**<br>**8. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**9. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE** |

**SECTION 17200 ET SEQ.;**
**10. MONEY HAD AND RECEIVED;**
**11. VIOLATIONS OF THE INVESTMENT ADVISERS ACT OF 1940;**
**12. VIOLATIONS OF THE CALIFORNIA CORPORATE SECURITIES LAW OF 1968;**
**13. VIOLATIONS OF CALIFORNIA CORPORATIONS CODE SECTIONS 25009, 25009.5, 25230, AND 25235; AND**
**14. BREACH OF FIDUCIARY DUTY.**

**JURY TRIAL DEMANDED**

Plaintiff MATTHEW CLONTS hereby complains against Defendants, and each of them, and alleges the following Claims for Relief:

## I. NATURE OF ACTION.

1. This action concerns the fraudulent and unlawful sales of unregistered and non-exempt securities ["Star Scientific Securities"] of Defendant Star Scientific Limited ["Star Scientific"] by and/or through Defendants in this District to Plaintiff MATTHEW CLONTS ["Plaintiff" and/or "Clonts"], a United States citizen and California resident.

2. Plaintiff alleges that all Defendants conspired and each committed violations of Federal and California Securities Laws (defined below) and other statutes, as well as actual and constructive fraud and/or negligent misrepresentations, breaches of fiduciary duties, breaches of contracts, and other torts for which Plaintiff Clonts seeks relief and remedies herein.

3. Plaintiff Clonts prays for recovery of his damages and/or rescission of and restitution of the sums he paid for Star Scientific Securities, as well as monies on common counts, and other relief in this action.

## II. JURISDICTION AND VENUE.

4. This Court has jurisdiction of this action and of the parties pursuant to 28 U.S.C. §§ 1331 and 1332, and by diversity of citizenship. Plaintiff asserts claims herein



Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j and 78t], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and under Sections 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a)]. The Securities Act, Exchange Act, the rules and regulations issued thereunder, including Rule 10b-5, and other relevant Federal securities statutes and regulations hereafter are collectively referred to as the "Federal Securities Laws".

5. Defendants, directly and/or through their agents, representatives, aiders and abettors and alter egos, are now and have been engaged in regular, continuing and extensive activities, communications, transactions and conduct within this District, throughout California and in other States of the United States with and involving United States citizens, including Plaintiff Clonts and other California residents.

6. Defendants, including in their Securities Transactions [defined below] with Plaintiff, are and have been using the instrumentalities, means, facilities and resources of Interstate Commerce, including through the United States mails ["U.S. Mails"] and other transmissions and forms of interstate communications [collectively, "Interstate Commerce"] regularly, continuously, and in substantial transactions, thereby invoking Federal jurisdiction.

7. This Court has jurisdiction as to the California common law torts and other claims herein under 28 U.S.C § 1367, as well as jurisdiction as to Plaintiff's claims based on the California Corporate Securities Law of 1968, and related California enactments and authorities [collectively, "California Securities Laws"].

8. Plaintiff's claims under Federal Securities Laws and California Securities Laws, and other California statutory and common law claims, are so interrelated and relevant to each other as to constitute the same controversy, dispute and case under Article III of the United States Constitution.

9. This Court also has jurisdiction by 28 U.S.C. § 1332 based on the complete diversity among the parties. The total damages and monies claimed by Plaintiff Clonts

**Duffy Law Group, P.C.**
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

herein exceed this Court's minimum jurisdictional amounts.

10. Venue is proper in this United States District Court for the Central District of California, including under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)], as well as 28 U.S.C. § 1391(b).

11. Defendants' (a) fraudulent misrepresentations and breaches of contracts and duties owed by Defendants to Plaintiff Clonts, as well as the (b) solicitations, offerings, marketing, promotions, issuances, and sales of the Star Scientific Securities by and through Defendants to Plaintiff Clonts, (c) Plaintiff Clonts' purchases of and payments for the Star Scientific Securities, and (d) the other relevant activities, events, occurrences, and transactions, including Defendants' overt acts pursuant to their unlawful Conspiracy [defined below], occurred in this District in California, have violated Federal and California statutes and other laws of California, and have utilized the means and instrumentalities of Interstate Commerce, including U.S. Mails.

## III. PARTIES.

12. Plaintiff Clonts is an individual who is and has been, throughout the relevant period, a United States citizen and resident of the State of California. Plaintiff has throughout and does presently reside within this District. Plaintiff Clonts has been defrauded and damaged by all Defendants' unlawful solicitations, marketing and sales of Star Scientific Securities [also "Shares"] by and through Defendants. Defendants' wrongful conduct includes, without limitation, Defendants' false and fraudulent representations, both written and verbal, and Defendants' violations of relevant Federal and California statutes and other laws in the events, activities and transactions as alleged herein.

13. Defendant Star Scientific, to Plaintiff's information, is and has been at all times relevant herein, an Australian limited liability company, doing and conducting business activities and transactions in and affecting the United States and other States, including California, by means of Interstate Commerce, including U.S. Mails. As herein

alleged, Defendant Star Scientific, directly and through its agents, representatives, aiders and abettors alter egos and other co-Conspirators, including Defendants herein, is and has been conducting and perpetuating a fraudulent Ponzi Scheme in repeated and continuing violations of United States laws, including Federal Securities Laws, and the laws of California and other States of the United States.

14. Defendant DAVID GAIAN aka DAVID SCHACHTSCHNEIDER [ "Gaian"], to Plaintiff's information, is a California resident, residing in this Judicial District. Among other wrongdoing, Defendant Gaian, solicited Plaintiff's purchase of Star Scientific Shares, made fraudulent representations to Plaintiff Clonts, concealed and withheld material facts that induced Plaintiff's purchase of the Shares. Plaintiff further is informed and believes that Defendant Gaian aided and abetted and Conspired with the other Defendants in the fraud perpetrated on Plaintiff.

15. All Defendants each directed and participated actively in the offering, soliciting, marketing, advertising, promoting, issuing, and selling [ "Securities Transactions"] of the Star Scientific Securities in California and in other States to prospective purchasers, including Plaintiff Clonts, who, like Plaintiff became shareholders of Defendant Star Scientific ["Shareholders"].

16. Defendant Andrew Horvath, to Plaintiff's information, is and has been, at all times relevant herein, a resident of Australia and the majority and/or controlling Shareholder, Managing Member and/or General or Managing Partner of Defendant Star Scientific. Defendant Andrew Horvath is and has been throughout the Chief Operating and Executive Officer, and a Director and Manager, of Defendant Star Scientific to Plaintiff's information. Presently, and throughout the period relevant to this action, Defendant Andrew Horvath has and does direct, control and manage the administrative, financial and other business operations, activities and transactions of and by Star Scientific, including by his personal involvement in Star Scientific's Securities Transactions with existing and prospective Star Scientific Shareholders in California and throughout the United States.

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

17. Defendant Pamela Horvath, to Plaintiff's information and belief, is and has been, at all times relevant herein, a resident of Australia, the wife of Defendant Andrew Horvath, an officer, to wit, Secretary of Defendant Star Scientific and a Shareholder, Member and/or Partner of and in Defendant Star Scientific.

18. Defendants Andrew and Pamela Horvath [jointly, the "Horvaths"] are and have been doing and transacting business in California and in other States through Defendant Star Scientific and in other ventures, including in the Securities Transactions with Plaintiff Clonts at issue herein.

19. Defendants Horvaths are and have been, throughout the period relevant to this action, the principal and controlling Shareholders, Members, Partners, Officers, Directors, Managers, employees, agents and representatives of Defendant Star Scientific.

20. Defendants Horvaths have directed, controlled, and managed Defendant Star Scientific and its business, administration, financial and technical activities, operations, and transactions, among other powers and functions, including Defendant Star Scientific's Securities Transactions in California and throughout the United States during the relevant period.

21. Defendant Star Scientific has and does claim to have invented and developed certain allegedly proprietary and unique technologies and products and to perform hydrogen energy research.

22. For decades, Defendant Robert James Briggs aka Robbie Briggs ["Briggs"] has represented himself, orally and in writing, to be and has acted, during all periods relevant herein, as an officer, shareholder, agent, employee, broker, broker dealer, contractor, and otherwise a representative of and on behalf of Defendants Star Scientific and the Horvaths, including in Defendants' Securities Transactions with Plaintiff.

23. Defendant Briggs is a Shareholder of Defendant Star Scientific, and a key member of the Conspiracy among the Defendants. Defendant Briggs, with actual authority from Defendants Star Scientific and the Horvaths, is and has been, the primary sales agent, advertiser and marketing director of Star Scientific Securities Transactions in

**Duffy Law Group, P.C.**
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

California and other States. Defendant Briggs, with the Horvaths, has created and operated the fraudulent and illegal schemes used by Defendants Star Scientific and the Horvaths to solicit prospective Shareholders and conduct Securities Transactions of and for Star Scientific and the Horvaths.

24. Plaintiff Clonts is one of the many victims of Defendants' illegal and fraudulent scheme and conspiracy, including Ponzi Scheme, established and operated by the Horvath's, Briggs and Defendant Star Scientific and the Horvaths.

25. Defendant Briggs, personally and through other agents and purported entities, has been a principal director of and has participated personally in Defendants' Conspiracy, including in the solicitation and sales of Star Scientific Securities. Defendant Briggs also has described himself and purported to be a seller and/or investment advisor for prospective and actual Star Scientific Shareholders.

26. Defendant Briggs is believed by Plaintiff to be residing in London, England at present. Defendant Briggs, to Plaintiff's information, uses various shell entities throughout the world to conduct- and conceal- his fraudulent and otherwise illegal activities, including Defendants Monume Holdings Limited, a British company, and Monume, LLC, a UAE company [jointly "Monume Companies"]

27. The Monume Companies, to Plaintiff's information, are owned and controlled by Defendant Briggs, and are his alter egos as above described. The Monume Companies have actively joined with and aided and abetted Star Scientific, the Horvaths and Briggs in their fraudulent and illegal schemes and Conspiracy as alleged herein. Plaintiff Clonts was defrauded and damaged as a result thereof.

28. Plaintiff Clont's communications and activities with and/or involving Defendants occurred in California.

## IV. RELATIONSHIPS AND ILLEGAL ACTIONS OF DEFENDANTS.

29. Each Defendant is, and has been at all relevant times, the agent, servant, principal, employee, associate, partner and/or co-venturer of each other Defendant. Each Defendant has been acting within the scope, course and authority of said relationships.

30. Each Defendant is, and has been at all relevant times, combining, scheming and conspiring with the other Defendants for unlawful purposes and intentions ["Conspiracy", "Conspirators" or "Conspiring"]. Defendants each have committed the overt acts, omissions, activities and transactions described herein, as part of and to effectuate and perform their unlawful Conspiracy.

31. Each Defendant has acted jointly with each other Defendant in their Conspiracy, and with the knowledge, consent, permission, approval, acquiescence, agreement, authority and/or ratification of each other Defendant.

32. Defendants Horvaths and Briggs are and have been, throughout the period relevant herein, are and have been controlling persons and/or aiders and abettors of Star Scientific.

33. Each Defendant has acted and participated directly, and/or has aided and abetted the other Defendants, in the illegal events, activities and transactions herein alleged.

34. Defendant Star Scientific is a corporate shell, an illusory entity, and is not and has not operated or been conducted as a lawful entity separate and independent of and from all other Defendants. Defendant Star Scientific is and has been the alter ego of Defendants Horvaths and Briggs and other Defendants and nonparties . Any claimed separate existence or corporate "veil" of Defendant Star Scientific from the other Defendants is nonexistent and should be disregarded to prevent fraud and injustice on Plaintiff.

35. Defendants Star Scientific, Horvaths and Briggs have never been authorized or qualified to issue, offer or sell Star Scientific Shares in California or other states in which these Defendants are and have been engaged in such illegal activities for many years.

36. Defendants Star Scientific, Horvaths and Briggs have not at any time made any filings, disclosures or other submissions to the SEC or other Federal authorities, to authorities of the State of California or in and to the securities markets as required by

**Duffy Law Group, P.C.**
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Federal and California Law to Plaintiff's information.

37. Defendants Star Scientific, Horvaths or Briggs have not made any filings or other submissions to register or qualify Star Scientific Shares, to authorize the issuance, marketing or sale of the Shares, or to be granted a lawful exemption from registration, in any State, including California.

38. Plaintiff alleges that Defendants Star Scientific, Horvaths and Briggs have failed and refused, intentionally and fraudulently, to disclose full, accurate and material facts and risks disclosures, which were and would have been prohibitively negative, to Plaintiff and other purchasers of the Star Scientific Securities, as required by Federal and California Securities Laws, and otherwise by law.

39. Defendants, including Defendants Star Scientific, Horvaths and Briggs, the Monume and Gaian have intentionally and willfully made false, unjustified, unwarranted, unrealistic, unfounded and misleading Misrepresentations [defined herein] to induce Plaintiff Clonts purchase of the Shares and his payment of $2,700,000 US to and for the benefit of all Defendants.

40. Defendants did not make accurate, complete or proper disclosures to Plaintiff or other Shareholders of the prohibitive and fatal risks incurred in any purchase of Star Scientific Shares, including Defendants' violations of Federal and State Securities Laws, such as the Federal Exchange Act.

41. Plaintiff asserts that competent auditors and accountants who were independent of Star Scientific and provided with accurate information would include a "going concern qualification" in any audit report, even if, as is doubtful, these professionals even agreed to accept and undertake an engagement to perform such audit or other accounting of or for Star Scientific.

42. The monies collected from Shareholders illegally induced by Defendants to buy Star Scientific Securities, including the Shares sold to Plaintiff**, exceed $200 million US** over a multi-year period, to Plaintiff's information.

43. Plaintiff alleges that all Defendants have misappropriated and co-mingled

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

revenues and assets of Star Scientific, and have undercapitalized, Defendant Star Scientific.

44. Defendants Horvaths and Briggs, with or aiding and abetting the other Defendants, also have misused and mismanaged Defendant Star Scientific, including by embezzling, misappropriating and converting Defendant Star Scientific's assets, finances and business operations, from which all Defendants have benefitted.

45. For example, and not exclusively, Defendants Horvaths, Briggs have established, maintained and operated purported "trusts" into which monies paid by Star Scientific Shareholders have been diverted from Star Scientific for the use and/or benefit of Horvaths, Briggs and some or all other Defendants.

46. By such and related conduct, Defendants Horvaths, Briggs and some or all other Defendants are each "controlling persons" and "aiders and abettors" of and for Star Scientific in the activities and other wrongdoing by all Defendants. Each of Defendants, inter alia, have embezzled, misappropriated and converted the funds of Shareholders such as Plaintiff Clonts, without notice to and without obtaining the informed permission and consent of Plaintiff and other Shareholders.

47. Instead of using the Shareholders' funds for Star Scientific's business and operations as Misrepresented by Defendants, all Defendants have used such monies improperly and for their own selfish and improper use and benefit.

48. Defendants have made numerous material misrepresentations, promises, agreements, commitments and assurances, and have concealed and withheld essential and other material facts [collectively "Misrepresentations"] over a several year period, including to Plaintiff Clonts and other purchasers of Star Scientific Securities, before, at and after Plaintiff Clont's purchase.

49. Defendants, acting through Defendants Star Scientific, Horvaths and Briggs primarily, have made the Misrepresentations in order to solicit and induce residents of California and Other States to purchase Star Scientific Securities.

50. Defendants have made the Misrepresentations verbally, in writing, in

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

meetings, by telephone, texts and other forms of communication, by Internet and other Social Media, and publicly, including by press releases.

51. Contrary to Defendants' Misrepresentations, Star Scientific has never developed finished, commercialized, saleable Products and has never solved the many developmental, research and other issues that have caused other ventures in the industry to be unsuccessful and fail.

52. Nor have Defendants conducted any Products sales or derived any legitimate revenue from Star Scientific Products or other lawful transactions.

53. Defendants have charged prices and received payments for Defendant Star Scientific's Securities that are exorbitant, are without relation to reality, and which have been fabricated by Defendants Star Scientific, Horvaths and Briggs.

54. Defendants Star Scientific, Horvaths and Briggs have made, including to Plaintiff Clonts, material Misrepresentations to Plaintiff Clonts, including false and illusory promises of repayment of his investment in Star Scientific Shares, with payment of virtually guaranteed profits substantially exceeding the exorbitant purchase price charged Plaintiff Clonts for his Shares.

55. The Shares price charged to Plaintiff Clonts by, through and for the benefit of Defendants, to purchase the Star Scientific Shares, does not in any manner correspond to the total lack of "value" for the Star Scientific Shares, and makes no or inadequate disclosures of the actual condition and value of Star Scientific and/or the substantial risks and uncertainties of Plaintiff's investment.

56. Plaintiff alleges that Star Scientific and its Shares, are worthless, and have been so throughout Star Scientific's existence.

57. Plaintiff further alleges that the monies paid by victims such as Plaintiff Clonts for the Star Scientific Shares have been embezzled, stolen and misappropriated by the named Defendants.

58. The Shares price charged to Plaintiff Clonts for Star Scientific Shares, i.e. $2,700,000, did not account for or reflect that Star Scientific has and has had no income,

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

no marketable or commercial products- or any products whatsoever at any time.

59. Nor did the Shares price charged to Plaintiff reflect that Star Scientific not only is a prohibitively risky investment, but that Star Scientific did not and does not presently have a realistic, realizable future to survive as an entity or prospect for profitability or other success.

60. Plaintiff alleges that Star Scientific has not derived any income or revenues from legitimate sales of its nonexistent "Products". Nor have Star Scientific or the Defendants Horvaths and Briggs conducted actual and lawful business operations through Star Scientific.

61. Plaintiff alleges that the sole or principal activity of Star Scientific during the period relevant herein has been the solicitation of investors and collecting monies from sales of its valueless Shares.

62. Plaintiff alleges that at and before Plaintiff Clont's purchase of the Star Scientific Shares, and continuing to present date, Star Scientific was and is a valueless shell and scam operated, controlled and/or aided and abetted by all Defendants, which false entity has been kept alive for many years only by obtaining new money from defrauded investors.

63. Plaintiff further alleges that most if not all of the funds collected by Defendants from Star Scientific Shares purchasers (not including the monies embezzled and/or misappropriated by Defendants Star Scientific, Horvaths and Briggs) have been used by those Defendants to repurchase Star Scientific Securities from defrauded "investors", many of whom sued or threatened to sue Star Scientific and would disclose the long term and continuing fraud perpetrated by and for Defendants Star Scientific, Horvaths, Briggs and others unless these victimized Shareholders were "bought out" and reimbursed.

64. In these respects, and others, Star Scientific is, and has been continuously, a Ponzi Scheme , where new investment monies are used by Defendants to pay off disgruntled, defrauded and claimants Shareholders to resolve or prevent claims, demands

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

and litigation by those and other Shareholders.

65. Contrary to the false Representations made to Plaintiff Clonts by Defendants Horvaths, Briggs, Gaian, and the Monume Companies acting pursuant to Defendant's Conspiracy, the Star Scientific Shares sold to Plaintiff Clonts were prohibitively risky, speculative, and without value or realistic prospects of any success or profit.

## V. DEFENDANTS' NON QUALIFICATION TO DO BUSINESS AND TO ISSUE, OFFER OR SELL SECURITIES.

66. None of the Defendants has registered the Star Scientific Securities issued and sold to Plaintiff with the Securities and Exchange Commission or other regulatory authorities or agencies, as required by Federal Securities Laws and California Securities Laws (as identified herein).

67. Defendant Star Scientific is not and has not been registered or qualified in California to conduct, do or transact business as a foreign business entity in this State.

68. Defendant Star Scientific has not complied with Federal or State requirements for issuance and sale of its Securities.

69. Defendants' sale of Star Scientific's Securities to Plaintiff were and are not exempt from registration under either the Federal Securities Law or the California Corporate Securities Law of 1968 § 25000 et. seq., and other applicable statutes, regulations and enactments [collectively "California Securities Laws"].

70. The Securities Transactions conducted and solicited by Defendants in California and in other States, including the solicitation and sale of the Star Scientific Shares to Plaintiff, do not qualify for any exemptions from registration or qualification under Federal Securities Laws and California Securities Laws.

71. By their conduct and actions, Defendants each have violated Federal Securities Laws and the California Securities Laws, including in the Securities Transaction with Plaintiff Clonts.

72. Defendants' violations of Federal Securities Laws and California Securities Laws include, without limitation, Defendants' non-registration and non-qualification of

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Defendant Star Scientific's non-exempt Securities with the SEC as prescribed by the Federal Securities Act and other Federal Securities Laws, and Defendants' failure to comply with California Securities Laws.

## VI. PLAINTIFF'S PURCHASE OF STAR SCIENTIFIC SHARES.

73. Plaintiff Clonts is a California resident and United States citizen to whom Defendants made fraudulent and misleading Representations through their Conspiracy, in the solicitation and sale of Star Scientific Shares ["Shares"] to Plaintiff.

74. In or about October 2022, Plaintiff Clonts purchased 14,898 Shares of Star Scientific Securities for the sum of Two Million Seven Hundred Dollars USD [$ 2,700,000 USD] from Defendant Gaian, who was acting on behalf of all Defendants and pursuant to their Conspiracy .

75. Plaintiff's purchase of the Shares was caused and based on the promises and other Representations made by Defendants Horvaths, Briggs, the Monume Companies and Gaian through their unlawful Conspiracy with Defendants Star Scientific, Horvaths and Briggs, that Plaintiff would profit from his "investment", and receive more than (but including) his $2,700,000 USD payment for the Shares.

76. Plaintiff purchased the Shares directly from Defendant Gaian, who acted in conjunction with, aided and abetted and Conspired with each of the other Defendants. Plaintiff Clonts is informed and believes that the $2,700,000 USD he paid for the Star Scientific Shares would never be repaid, entirely or in any part, to Plaintiff;

77. Plaintiff only learned in and after June 2026, when he retained legal counsel**,** that the Star Scientific Shares he had purchased were worthless, their issuance and sale by Defendants were unlawful, that he had lost his entire $2,700,000.00 USD. Plaintiff did not learn the facts alleged herein regarding Defendants' illegalities and other wrongdoing from any of the Defendants, but only when Plaintiff consulted legal counsel.

78. None of Defendants have ever disclosed the true facts to Plaintiff and instead continued, through Star Scientific publications and announcements, to represent to the Star Scientific Shareholders that the Company was healthy, successful and solvent and

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

that the Shareholders' investments were safe and would be profitable.

79. Defendants Star Scientific, Horvaths and Briggs have never disclosed to Shareholders and, among the Concealed Facts, have refused and failed to explain how this nonoperational company, with no income, sales or product, had used up $200 million and needed still more investors' monies to make payments to Shareholders, like Plaintiff, who remained ignorant and uninformed as to Defendants' legal violations and Misrepresentations.

80. At present date, Plaintiff has not received any part of the $2,700,000.00 USD that he paid to and which was misappropriated by Defendants. Defendants still have failed to refund any of Plaintiff's money or buy back his Shares.

81. Contrary to Defendants' Misrepresentations, any repayment of Plaintiff's $2,700,000 USD purchase price payment, any multiples thereof, "profits", or any payment whatsoever to Plaintiff was always and would be impossible and unrealizable, and never was intended by any Defendants.

82. Defendants acted willfully and fraudulently in inducing Plaintiff Clonts' purchase of the Star Scientific Securities, even though Defendants knew that Plaintiff Clonts would never be repaid his $ 2,700,000.00 USD investment, or any money at all.

83. As a result of Defendants' continuing false Misrepresentations and Concealed Facts, as described herein, regarding their fraudulent Ponzi scheme and Conspiracy with the other Defendants, Plaintiff Clonts, despite due diligence, did not discover until on or about June 2026, he had lost and never would be repaid any part of the $2,700,000 USD that he had paid for valueless Star Scientific Shares.

84. Thereafter, Plaintiff Clonts and his representatives have conducted a diligent investigation and discovered additional facts establishing the fraud and illegal conduct by Defendants, which investigation continues to present date.

85. The Concealed Facts withheld from Plaintiff by Defendants have impaired Plaintiff's investigation as to the fraudulent Ponzi scheme operated by Defendants Star Scientific, Horvaths and Briggs, which Defendant Gaian joined and aided and abetted.

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

86. Despite Defendants' continuing Misrepresentations to the filing of this action, Plaintiff and his representatives have discovered that the Misrepresentations made by Defendants are and were false and fraudulent, that Defendants had no intention of performing their Representations to Plaintiff, and that Plaintiff would not be refunded the $2,700,000 USD that he paid for the worthless, illegally sold Star Scientific Shares, or any part thereof.

87. Plaintiff Clonts has never received any money whatsoever from Defendants.

88. Plaintiff has been compelled to bring this action to recover the $2,700,000 USD he paid for the Star Scientific Securities, and his other damages, and to apply for other relief as sought herein.

**VII. DEFENDANTS' MISREPRESENTATIONS TO PLAINTIFF.**

89. To induce Plaintiff's purchase of the Star Scientific Shares, Defendants Horvaths, Briggs, and Gaian made numerous and continuing false, and misleading, Misrepresentations of material facts to Plaintiff Clonts and to other prospective investors on which Plaintiff relied, including that:

a. Plaintiff would be repaid for his $2,700,000 USD purchase money plus profits;

b. Star Scientific had developed a commercially marketable, viable, usable and profitable form of "clean" energy that would create heat without burning gases and whose only output is water among other products ["Products"];

c. Star Scientific was and had been, at and prior to Plaintiff's payment, engaged in actual marketing, advertising and sales of Company Products to actual customers;

d. Defendant Star Scientific at the time of Defendants' solicitation and Shares sale to Plaintiff was operational, ongoing and solvent business and had marketable and actual Products;

e. Star Scientific had resolved any scientific or other technical issues that could impede marketing, sales, governmental approvals and customers' use of

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Defendant Star Scientific's Products;

f. Star Scientific had contracts with and was successfully and profitably selling its Products through actual, lawful and verifiable sales transactions with legitimate businesses;

g. Star Scientific had sufficient financial resources, including from sales of Defendant Star Scientific's Products, had conducted historically and would continue to have profitable business operations, including Products sale, and to continue to generate revenues in the foreseeable future;

h. Star Scientific already had identified and was conducting profitable sales and other business with certain government agencies and private entities as customers of Star Scientific's Products;

i. Star Scientific was and would remain a viable and sustainable business entity that already was and would continue to be solvent, which could and would satisfy its obligations, and whose survival as an operating business entity was not in jeopardy, risky or precarious;

j. Star Scientific was not and would not be a "Ponzi" scheme;

k. Plaintiff was and would be making a safe and secure purchase of the Shares, without speculation or investment risks, and the monies paid by Plaintiff for those Shares would be returned to Plaintiff within a few months with significant profits;

l. Star Scientific was licensed and authorized to do and transact business in the United States, including California;

m. Star Scientific was not owned solely by or for the Horvaths, Briggs or other Defendants;

n. Star Scientific was an independent entity separate from Defendants Horvaths and Briggs;

o. Defendants Horvaths and Briggs recognized that Defendant Star Scientific was an entity separate from Defendants and were acting and would act accordingly;

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

p. Defendants Horvaths and Briggs would only conduct lawful activities in conformity with applicable Federal and State Laws, including Securities Laws;

q. Defendants Horvaths and Briggs, nor the other Defendants, were or would be conducting illegal activities with Star Scientific or to use that company to defraud Plaintiff or steal Plaintiff's money;

r. The sale of the Shares by Defendant Gaian to Plaintiff Clonts was lawful and that Plaintiff (1) was purchasing valuable Shares in lawful, qualified entity that was successful, (2) the Shares Transaction was made in accordance with applicable law, both Federal and State, (3) Star Scientific had commercialized and marketable Products, (4) Star Scientific had and was conducting substantial sales of its Products to legitimate customers, (5) Horvaths and Briggs were honest and reputable businessmen conducting a lawful and profitable business with Star Scientific, (6) Plaintiff's purchase of the Star Scientific Shares did not have real risks and payment to Plaintiff virtually was guaranteed, (7) Star Scientific was solvent, had substantial assets and many satisfied investors, and that the continued prospering of its business, and profitability, were realistic and realizable with no actual obstacles to Plaintiff receiving a profitable return as Defendants Misrepresented;

s. Purchasing Star Scientific Securities was not and would not be risky or speculative and Plaintiff would receive a ten times profitable payment in a few months from his purchase;

t. Defendants Star Scientific, Horvaths and Briggs, would themselves or make lawful arrangements with others, to pay Plaintiff the profitable return he had been promised by all Defendants;

u. All required testing, licenses and certifications from governmental or regulatory agencies already had been or were being obtained by Defendant Star Scientific without impediments or delays;

v. Defendant Star Scientific actually was and had been conducting business in the United States, including in California;

w. All sales proceeds, funds and other monies received by Star Scientific, Horvaths and Briggs, and their representatives, including Gaian and the Monume Companies, from sales of Star Scientific Securities and other business activities and transactions, were being and would continue to used solely for Star Scientific's business and for its Shareholders' benefit;

x. The Shareholders' "investments", including Plaintiff's money, would not be embezzled, misappropriated or diverted by or for Defendants, or otherwise used by Defendants for their own benefit or to the detriment of Defendant Star Scientific Shareholders;

y. Defendants already were and would provide regular, full, accurate and proper, written reports and accountings to the Shareholders, including Plaintiff and further including all funds and other monies and consideration received or to be received by Defendant Star Scientific from its Securities Transactions and other business activities;

z. In particular, but not exclusively, the full and accurate information and disclosures being and to be provided regularly to Plaintiff and the other Shareholders, including regarding Star Scientifics' ownership, changings conditions and status, assets, liabilities, legal, litigation regulatory and administrative proceedings, financial activities (including, debts, loans, purchases, leases and other financing transactions), contracts and other business operations and transactions such as Products sales and other significant contracts);

aa. Star Scientific would prepare regularly, and provide to Shareholders with full, timely and accurate financial statements in proper form and in compliance with Federal and State of California regulations and other laws;

bb. Plaintiff and the other Star Scientific Shareholders had already and would continue to receive current, accurate, complete information and disclosures from and regarding Defendant Star Scientific, including by regular Shareholder reports and by Shareholders meetings;

cc. Defendants were using and would apply Defendant Star Scientific's





Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

assets, including monies paid by Shareholders, for only for lawful purposes beneficial to Star Scientific and its Shareholders;

dd. Defendants already were and would remain throughout in compliance with applicable laws in the United States and in its States, including California;

ee. Defendant Gaian was the lawful owner of the Shares, and had full legal right and authority to sell the Shares to Plaintiff;

ff. The sale of the Star Scientific Shares by and/or for the benefit of Defendants to Plaintiff Clonts was lawful and complied with all applicable Federal and California Securities Laws, and other enactments;

gg. Defendants were and would continue to make complete, truthful and accurate disclosures to Plaintiff of material facts, including without limitation, as requested by Plaintiff;

hh. Defendants, including Defendant Star Scientific, Horvaths and Briggs, were not and would not conceal or withhold material information from existing and prospective Shareholders of Star Scientific, including Plaintiff;

ii. Defendants, including Defendant Star Scientific, Horvaths and Briggs, were serving, and would continue to serve and promote, the best interests of Defendant Star Scientific and its Shareholders, including Plaintiff Clonts;

jj. Other Misrepresentations relating to the foregoing as are expected to be identified by further investigation and discovery in this action;

90. Defendants made the foregoing and other material Misrepresentations to Plaintiff Clonts in California both orally and in writing, and in many forms and instrumentalities of Interstate Commerce and Interstate Communications, including telephonically and via video conference calls; and

91. Defendants' means and forums for its solicitations, marketing and communications include Defendant Star Scientific's Internet website, meetings, written e-mails, correspondence, telephone calls, texts, video calls and other written and verbal communications to the public and to current and prospective Shareholders.

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

## VIII. FALSITY OF DEFENDANTS' MISREPRESENTATIONS AND CONCEALMENT OF MATERIAL FACTS .

### A. Falsity Of Misrepresentations.

92. Defendants' Misrepresentations, as above stated, were false, fraudulent, deceitful and misleading when made by Defendants Star Scientific, Horvaths, Briggs, the Monume Companies, and Gaian when made to Plaintiff Clonts.

93. Defendants each knew their Misrepresentations to be false and misleading when made to Plaintiff Clonts.

94. Defendants each intended, in making the Misrepresentations, to deceive, defraud and mislead Plaintiff Clonts.

95. Defendants acted, pursuant to their Conspiracy, separately and collectively, to solicit and induce Plaintiff Clonts to purchase worthless Star Scientific Securities.

96. Not knowing the falsity of Defendants' Misrepresentations, and in reasonable and justifiable reliance thereon, Plaintiff Clonts purchased the Star Scientific Shares and paid $2,700,000 USD for those Shares in California.

97. The sale of the Star Scientific Shares was made by Defendant Gaian pursuant to the Conspiracy by all Defendants to deceive, mislead and defraud Plaintiff Clonts.

98. All Defendants benefited from the Plaintiff's purchase of the Shares, financially and otherwise.

### B. Fraudulently Concealed Facts.

99. Defendants, and each of them, individually and through their Conspiracy, concealed, intentionally failed to disclose, misrepresented and withheld from Plaintiff Clonts the true and material facts, which fraud deceived Plaintiff Clonts and deprived him of important information necessary and essential for Plaintiff to make a voluntary and informed decision whether to purchase the Star Scientific Shares, ["Concealed Facts"].

100. All Defendants' failure to disclose and intentional withholding and concealment of material facts from Plaintiff was a significant part of Defendants'

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Misrepresentations, including that:

a. All of Defendants' Misrepresentations were false and were known and intended by Defendants to be false;

b. Defendants, and each of them never had any intention, ability or willingness, to perform or otherwise comply with their Misrepresentations, knew that they would not do so, and did not in fact comply with the Misrepresentations on which Plaintiff relied in purchasing the Shares;

c. Star Scientific not now and never has and valid or lawful entity and never has been authorized or licensed to do or conduct business in California or elsewhere in the United States;

d. The multi-millions of dollars Securities Transactions by Defendants Star Scientific, Horvaths and Briggs, aided and abetted by the other Defendants, including issuance, offers and sales of Star Scientific Shares, including to Plaintiff Clonts, have and do violate(d) applicable Federal and Securities and other laws, including the laws of the State of California;

e. Defendants Star Scientific, Horvaths and Briggs are not and never have been registered, authorized or qualified with or by the United States Securities and Exchange Commission ["SEC"] or by authorities in California, to Plaintiff's information, to offer, issue or sell Star Scientific Securities;

f. Defendant Star Scientific has never had any sales revenues or other earnings, and has not conducted actual, lawful business operations or activities;

g. Star Scientific has never had any marketable, saleable, commercialized or completed Product;

h. Despite the Misrepresentations by Star Scientific, Horvaths and Briggs, Star Scientific has never developed actual Products and has never solved the many developmental, research and other obstacles and issues that have caused other ventures in the industry to be unsuccessful and fail;

i. Defendant Star Scientific is and was a sham and "shell" through

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

which the Horvaths, Briggs and others have perpetrated a fraudulent scheme to induce purchases of Shares and to cause substantial damages and losses to Shareholders such as Plaintiff Clonts;

j. Defendants Star Scientific, Horvaths and Briggs have never complied with applicable Federal or California laws or demonstrated any intention of doing so;

k. Defendant Star Scientific was and is a Ponzi scheme whose existence and survival is and has been dependent solely on Defendants Horvaths and Briggs, in particular, inducing and defrauding new purchasers of Star Scientific Securities;

l. Defendants Star Scientific, Horvaths and Briggs, have used new investors' funds, such as Plaintiff Clont's monies, to pay themselves and/or to attempt to prevent legal and other claims and demands by disgruntled existing and past Shareholders;

m. Defendant Star Scientific does not and never has had actual, saleable Products, and is not selling and has never sold or obtained legitimate orders for sale of any Products;

n. Star Scientific has not received any money from sales, which have been nonexistent;

o. Star Scientific has not earned any money at any time from or had valid, legitimate sales orders or customers;

p. Star Scientific does not have or has had any revenue or business operations, apart from soliciting Shareholders' payments;

q. The sole income received by Star Scientific, throughout its existence, has derived from the sale of Star Scientific Securities to deceived Shareholders by and through various fraudulent Securities Transactions, including by and through Defendants Briggs, the Horvaths, as well as Defendants Monume Companies, and in this case, Defendant Gaian;

r. Defendant Star Scientific has not complied with the Securities Laws and other requirements and enactments of the United States and States such as California, so that Defendants are and have been acting illegally for at least two decades in soliciting

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

investors and in marketing, issuing and selling Star Scientific Shares;

s. Star Scientific has not conducted lawful or any business in any State of the United States, including in California, contrary to the false Representations made by Defendants Star Scientific, Horvaths, Briggs, the Monume Companies and their representatives, including in media reports;

t. Star Scientific, Horvaths, Briggs and the Monume Companies have failed to disclose to purchasers such as Plaintiff Clonts that Star Scientific was still attempting, after many years of failure, to advertise itself as being a viable "research and development" firm, which Star Scientific  is not and never has been;

u. Star Scientific had fatal legal and business obstacles, difficulties and issues which Defendants have not and have had no intention of or activity  resolving and which none of the Defendants has ever fully or accurately disclosed to Plaintiff Clonts;

i. Without a substantial and continuing infusion of illegally obtained new monies from unsuspecting purchasers of Star Scientific Shares, Star Scientific will cease its existence become a nonentity;

j. Defendants' Misrepresentations that Plaintiff Clonts would have the $2,700,00 USD he paid for purchase of the Star Scientific Shares, and/or receive profits, were false, illusory and made by Defendants with the intention of defrauding Plaintiff and other purchasers;

k. Defendants were paying themselves, through purported trusts and other means, all or most of the monies paid by Plaintiff Clonts and other Shareholders of Star Scientific;

l. The monies paid by Plaintiff Clonts and the other Shareholders were not used by Defendants Horvaths or Briggs to fund Star Scientific and its business and operations, but instead were embezzled and misappropriated by those Defendants as part of the Conspiracy among Defendants;

m. Defendants have refused and failed for decades to account for the approximately $200 million paid by Star Scientific Shareholders over at least two

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

decades;

n. Defendants have refused and failed to provide any information, verbally, in writing or otherwise, to Star Scientific Shareholders, or those being solicited to buy their Shares, as to that Company's condition, operations, finances, finances, legal status and authorizations, products and other material facts;

o. Plaintiff is informed and believes that Defendants Star Scientific, Horvaths and Briggs have laundered and misappropriated monies paid by Star Scientific Shareholders;

p. The Shares price charged to Plaintiff Clonts was not based on the actual earnings, operations, viability and/or economic condition of Defendant Star Scientific, but instead was fabricated and justified by Defendants as being the maximum amount that Defendants Horvaths, Briggs, the Monume Companies and their co-Conspirators could extract from uninformed and unwitting investors, like Plaintiff Clonts;

q. Although Star Scientific, Horvaths, Briggs and the Monume Companies received hundreds of millions of dollars from investors, Defendant Star Scientific's liabilities do now and have continuously exceeded its assets such that Star Scientific is and has been throughout insolvent and unable to pay its obligations;

r. Defendants continuously must generate "new money", including capital and financing and soliciting new Shareholders through fraud and illegal conduct, to try to keep Defendant Star Scientific alive and to satisfy or delay payment of obligations previously incurred by Defendant Star Scientific and Defendants Horvaths and Briggs, including to Plaintiff;

s. Despite Defendants' promises to generate profits and repay monies paid for Star Scientific Shares, Defendants, and each of them, knew and intended that such payments would not occur; instead, Defendants retained and distributed those monies among themselves for their own selfish and unauthorized personal use and benefit.

t. Star Scientific, Horvaths and Briggs have been sued by and/or have received notices and demands from many Star Scientific Shareholders and other

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

individuals, including for fraud;

u. The true nature and extent of Defendant Star Scientific's liability, including financial and legal, have not been disclosed to and have been withheld and concealed by Defendants from Plaintiff and other Star Scientific Shareholders;

v. Significant and undisclosed risks and other factors concealed by all Defendants have made impossible any payment of Plaintiff Clont's or other Shareholders' investments, let alone any profits;

w. To Plaintiff's information and belief, Star Scientific has not obtained required certifications, approvals, licenses or completed testing required by Australian and other governmental and regulatory authorities;

x. To Plaintiff's information and belief, Star Scientific has had regulatory sanctions and other issues with the Australian government agencies which severely affect Defendant Star Scientific and prevent its operations;

y. Star Scientific has not and does not actually conduct(ed) any or any lawful business in any State in which Defendants claim to have authorization from applicable authorities;

z. Defendants Star Scientific, Horvaths and Briggs have embezzled, stolen and converted to themselves and for their own benefit, including through illegal trusts and laundering, the monies paid for Star Scientific Shares by Plaintiff Clonts and other Shareholders;

aa. Defendants Horvaths and Briggs do and have managed and operated Defendant Star Scientific as their own personal venture and alter ego, for their own benefit and profit, and do and have violated Plaintiff's and other Shareholders' fiduciary and other rights and interests;

bb. By their Misrepresentations, **Defendants have received monies exceeding $200,000,000 over several decades, from United States citizens, including Plaintiff Clonts**, and others in California and other states for purchases of valueless Star Scientific Securities;

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

cc. Plaintiff Clonts has been defrauded and misled by Defendants in their Conspiracy, including by Defendants' Misrepresentations and non-disclosure of Concealed Facts; and

dd. In their false Representations and other conduct, including in the Securities Transaction with Plaintiff Clonts, Defendants each and together violated applicable Federal and California laws, including Federal Securities Laws and California Securities Laws, as well as committing fraud and engaging in a Ponzi scheme.

## IX. DEFENDANTS' VIOLATIONS BY USE OF UNLICENSED SECURITIES BROKERS AND INVESTMENT ADVISORS.

148. Defendants, during the relevant period, have been and/or have employed each other to be and have acted, represented and have conducted themselves as being Defendant Star Scientific's authorized securities brokers, broker dealers, and authorized agents and representatives.

149. Defendants Horvaths, Briggs, and the Monume Companies have acted as securities brokers for the purchase and sale of Scientific Securities, including to Plaintiff.

150. These Defendants are not and never have been certified securities brokers, broker dealers, investment advisors, registered representatives or licensed or qualified or authorized by Federal and California authorities and regulatory agencies to act or purport to act in any of the foregoing capacities, or to so represent themselves.

151. Notwithstanding the foregoing, Defendants have acted and conducted themselves as purported broker dealers, securities brokers, "control(ed persons)", and agents of Defendant Star Scientific in Defendant Star Scientific's marketing and sales of its Securities in California and in other States.

152. In inducing Plaintiff's purchase of the Shares and fraudulent taking and conversion of Plaintiff's $2,700,000 USD monies, Defendants intentionally and purposely made Misrepresentations and Concealed Facts from Plaintiff, including as to the adverse risks, and critical financial, technical, markets and other factors and uncertainties which made impossible any return or profit to Plaintiff from Star Scientific.

153. Nor did Defendants Horvaths, Briggs, Gaian or the Monume Companies provide Plaintiff Clonts with complete and accurate information as to the conditions and circumstances, financial, marketing, operational and otherwise, affecting Defendant Star Scientific.

154. Defendants Horvaths, Briggs and the Monume Companies have acted as securities brokers, broker dealers, representatives and agents for Defendant Star Scientific, including in soliciting, offering and selling Defendant Star Scientific's Securities to Plaintiff Clonts and to numerous other persons in California and other States.

155. None of these Defendants is or ever has been licensed, registered or qualified as a securities broker, broker dealer, legally authorized agent, registered representative, or otherwise authorized under Federal or California laws to solicit or conduct the Securities Transactions which Defendants have conducted with Plaintiff and others.

156. In their conduct, these Defendants have violated Federal Securities Laws, California Securities Laws, as well as other California statutes, including as herein described.

157. In their Conspiracy and illegal overt acts, purposes and intentions, Defendants Horvaths and Briggs were and are controlling persons, principals and aiders and abettors of Defendant Star Scientific, under Federal and California Securities Laws.

## X. DEFENDANTS' VIOLATIONS AS UNLICENSED AND UNCERTIFIED INVESTMENT ADVISORS.

158. Defendants Horvaths and Briggs have acted as, and have Misrepresented themselves to Plaintiff and other Star Scientific Shareholders as being, Plaintiff's investments advisors in Plaintiff's purchase of the Star Scientific Securities, including by advising, counseling and making recommendations that were provided to Plaintiff to induce Plaintiff's purchase of the Shares.

159. These Defendants, and Defendant Gaian also Misrepresented themselves to be qualified and legally registered to act as investment advisors to and for Plaintiff and

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

other Shareholders, despite their lack of certification, qualification or legal authorization to do so.

160. Defendants collectively and individually induced and solicited Plaintiff's trust and confidence, and each individual Defendant knew and intended that Plaintiff would rely on Defendants' advice, counsel and recommendations in making decisions and in purchasing the Shares.

161. Defendants accepted and created a fiduciary relationship with Plaintiff in soliciting, inducing, advising and making representations to Plaintiff in his purchase of Defendant Star Scientific's Securities.

162. Defendants are not and never have been certified or authorized by law to act as investment advisors in California or in any other State in violation of the Federal Investment Advisors Act of 1940, California law, and related authorities. Defendants have created and perpetuated conflicts of interests not disclosed to or waived by Plaintiff.

## XI. LIABILITY OF DEFENDANTS STAR SCIENTIFIC, HORVATHS AND BRIGGS FOR OTHER DEFENDANTS' ILLEGAL CONDUCT.

163. Defendants, and each of them, each are liable individually and collectively for their own unlawful conduct and that of the other Defendants in the Securities Transaction with Plaintiff.

164. Defendant Star Scientific expressly authorized the other Defendants to solicit and induce prospective purchasers to trade, market, sell and purchase Star Scientific Securities in California and elsewhere in the United States throughout the relevant period.

165. Defendant Star Scientific further authorized Defendants Briggs and Horvaths to represent to existing and prospective purchasers of Star Scientific Securities, including Plaintiff, that said individual Defendants had such full and express authority from Defendant Star Scientific and by law.

166. Defendants Star Scientific, Briggs, Horvaths and the other Defendants knew of, instructed, approved and ratified each other's acts and conduct as alleged herein,

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

including in Defendant Star Scientific's Securities Transaction with Plaintiff Clonts.

167. Defendants Horvaths and Briggs are and have been acting, as "controlling persons" within the scope of Federal and California Securities Laws.

168. Defendants Horvaths and Briggs have been principal owners and managers of Defendant Star Scientific, and are controlling persons within the scope of Federal Securities laws.

169. All of the Defendants, including Defendants Horvaths, Briggs, the Monume Companies and Gaian are and have been agents and aiders and abettors of Defendant Star Scientific in its Securities Transactions, including with Plaintiff Clonts. Defendant Briggs is and has been the authorized marketing and sales agent, employee and representative of Star Scientific in its solicitations of investors, sales and other Securities Transactions by and for Star Scientific and/or otherwise affecting and involving its Shares.

170. In that capacity, Defendants Briggs, with Horvaths and the Monume Companies, have created, managed, directed and controlled the fraudulent Ponzi scheme in which all Defendants, including Defendant Gaian, participated in defrauding Plaintiff Clonts.

171. Defendants Horvaths and Briggs provided fraudulent information and contributed to the other Defendants' nondisclosure of the Concealed Facts to Plaintiff.

172. Defendants, and each of them, Conspired, created, operated, managed and participated in the fraudulent Ponzi scheme implemented by and for Defendants Star Scientific, the Horvaths and Briggs.

173. All Defendants are liable for their own conduct and that of their co-Conspirators in perpetrating the fraud that caused the losses to Plaintiff that are the subject of this lawsuit.

## FIRST CLAIM FOR RELIEF

**[For Damages for Fraud and Deceit- Against all Defendants]**

174. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

175. Defendants offered and sold Star Scientific Securities to Plaintiff through the means and instruments of Interstate Commerce, including by transportation, communications and/or the United States Mails ["US Mails"].

176. Defendants, and each of them made and caused untrue and false statements of material facts and/or omitted to state material facts necessary in order to make the statements made by Defendants, in light of the circumstances under which those statements were made, not misleading or fraudulent.

177. To induce purchases of Star Scientific Securities in California, including the Shares sold to Plaintiff, Defendants made and joined in material Misrepresentations made to Plaintiff, including verbally and in writing. Defendants, and each of them further Concealed Facts from Plaintiff as hereinabove alleged.

178. Defendants acted individually and collectively to effectuate the purposes and intentions of their unlawful Conspiracy.

179. The false and misleading Misrepresentations and Concealed Facts were made by all Defendants in concert with one another, including as hereinabove described, in furtherance of their Conspiracy.

180. Defendants have not complied with the laws of the United States, California or Other States, including in their Securities Transactions, such as with Plaintiff.

181. Defendants each knew their Representations, including as herein described, to be false when made.

182. Defendants had and have no intention of performing, complying with or acknowledging their Misrepresentations, or of disclosing the Concealed Facts to Plaintiff.

183. Defendants did and have concealed, withheld and failed to disclose any of the Concealed Facts and the falsity of Defendants' Misrepresentations to Plaintiff Clonts at any time, including in the Securities Transaction whereby Plaintiff purchased Star Scientific Shares.

184. Defendants have acted in their Conspiracy and conducted themselves with the continuing and willful intention and purpose to deceive, defraud and mislead Plaintiff

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

and to succeed in Defendants' unlawful Conspiracy.

185. Plaintiff was fraudulently induced and solicited by Defendants in California, within this District, to purchase the Shares of Defendant Star Scientific.

186. As a direct and proximate result of Defendants' fraud and deceit, Plaintiff has been damaged in a sum to be determined according to proof, which exceeds $2,700,000.00 USD, plus interest accruing at the maximum legal rate.

187. Defendants each have acted with oppression, fraud and malice for which Plaintiff is entitled to recover punitive and exemplary damages in a sum to be determined.

## SECOND CLAIM FOR RELIEF

**[For Rescission and Restitution- Against all Defendants]**

188. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

189. By virtue of Defendants' false and fraudulent Representations, and concealment of material facts, Plaintiff is entitled to, and hereby seeks, rescission of all contracts and agreements for Plaintiff's purchase of the Shares.

190. There was and is a lack and absence of consideration for Plaintiff's purchase of the Shares for which Plaintiff also is entitled to, and hereby seeks, rescission of Plaintiff's purchase of the Shares.

191. Plaintiff has not received any benefit from his purchase of the Shares, which are and have been of no or negative value, and Plaintiff has suffered damages therefrom.

192. Plaintiff, accordingly, seeks rescission of the Securities Transaction for his purchase of the Shares.

193. Plaintiff further seeks restitution of all sums paid by Plaintiff for the Shares, and all expenses incurred thereby, in a sum of at least or exceeding $ 2,700,000 USD, together with interest at the maximum legal rate, together with damages as allowed by law.

194. Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in a

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

sum to be determined.

## THIRD CLAIM FOR RELIEF

**[Securities Fraud (Violations of Securities Exchange Act) - Against All Defendants]**

195. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

196. Defendants, and each of them, have made Misrepresentations and failed to disclose Concealed Facts.

197. Defendants' conduct has been fraudulent, deceitful and misleading in the circumstances in which such Misrepresentations and Concealed Facts were made and/or occurred.

198. Defendants, and each of them, directly or indirectly, by use of any means or instrumentality of Interstate Commerce or of the mails, including the US Mails: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon the purchaser all in connection with the purchase or sale of securities.

199. Defendants, and each of them, marketed, offered and sold Star Scientific Securities using of means or instruments of transportation or communication of Interstate Commerce, including by use of the US Mails and other transmission means.

200. Defendants each have acted directly or indirectly through other Defendants, and thereby fraudulently stole Plaintiff's money.

201. Defendants utilized the Misrepresentations and Concealed Facts hereinabove described, including by means of knowingly and intentionally false statements of material facts and/or by omitting to state material facts necessary in order to make the statements made by Defendants, in light of the circumstances under which those statements were made, not misleading.

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

202. Defendants, by engaging in the conduct hereinabove alleged, in the offer, purchase and sale of Star Scientific Securities through the use of means or instrumentalities in Interstate Commerce , including by transportation and use of the US Mails and other means, directly or indirectly:

a. With scienter, employed devices, schemes, or artifices to defraud; and

b. Engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

203. By engaging in the above described conduct, Defendants, and each of them, violated Section 10b-5 of the Exchange Act and Rule 10b-5 promulgated thereunder [15 U.S.C. § 10b(5) and 17 C.F.R. § 240.10b-5] in the Securities Transactions with Plaintiff.

204. Defendants Horvaths and Briggs and each are and have been controlling or controlled persons of Defendant Star Scientific, and each possessed, directly or indirectly, the power to direct and control the management, policies and other actions and conduct of Defendant Star Scientific. All other Defendants, including Defendant Gaian, were directly involved in the solicitation of the sale and the actual sale of Star Scientific Securities to Plaintiff.

205. Accordingly, pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 77t(a)] all Defendants are liable to Plaintiff, to the same extent as Defendants Star Scientific, Horvaths and Briggs for their violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder as alleged.

206. As a direct and proximate result of Defendants' violation of Federal Securities Laws, Plaintiff has suffered damages in a sum to be determined by proof, which exceeds $2,700,000 USD, plus interest accruing at the maximum legal rate.

207. Defendants each have acted with oppression, fraud and malice for which Plaintiff is entitled to recover punitive and exemplary damages from each Defendant in a sum to be determined at trial.

208. By engaging in the conduct herein alleged, Defendants each have violated,

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

and unless enjoined and restrained will continue to violate, Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (3)].

209. Accordingly, Plaintiff also is entitled to and hereby seeks injunctive relief.

210. By engaging in the conduct alleged, Defendants, and each of them, have violated, and, unless enjoined and restrained, will continue to violate Federal Securities Laws.

**FOURTH CLAIM FOR RELIEF**

**[Rescission and Restitution for Securities Fraud for Violations of Securities Exchange Act - Against All Defendants]**

211. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

212. By virtue of Defendants' Misrepresentations and failure to disclose the Concealed Facts in violation of the Securities Exchange Act, Plaintiff is entitled to, and hereby seeks, rescission of any and all contracts and agreements for Plaintiff's purchase of the Shares and restitution of the monies he paid for the Shares, plus other moneys and damages as described.

213. There was and is a lack and absence of consideration for Plaintiff's purchase of the Shares for which Plaintiff also is entitled to, and hereby seeks, rescission of Plaintiff's purchase of the Shares and restitution of the monies he paid for the Shares, as well as his damages, costs and other losses.

214. Plaintiff has not received any benefit from his purchase of the Shares, which are and have been of no value or negative value, and Plaintiff has suffered damages therefrom.

215. Plaintiff, accordingly, seeks rescission of his purchase of the Star Scientific Shares and restitution of all sums paid by Plaintiff for the Star Scientific Shares, in a sum of at least or exceeding $ 2,700,000 USD, plus damages according to proof.

216. Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

**FIFTH CLAIM FOR RELIEF**

**[Sale of Unregistered Securities (Violation of Securities Act of 1933) – Against All Defendants]**

217. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

218. Defendants, and each of them, have never qualified, registered or otherwise complied with Federal Securities Laws, including in the offering and sale of the Star Scientific Shares to Plaintiff.

219. No exemption from registration or qualification applies to the subject sale, offering or marketing of the Shares to Plaintiff.

220. Defendants' offering and sale of its Shares to Plaintiff violates and has violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

221. By virtue of Defendants' foregoing violations, Plaintiff is entitled (a) to recover damages in the sum of at least $ 2,700,000, together with interest accruing thereon, and/or (b) to rescind his purchase of the Shares and to have restitution of the full sum Plaintiff paid for the Shares, which is at least $ 2,700,000 USD, plus interest accruing thereon.

**SIXTH CLAIM FOR RELIEF**

**[Negligent Misrepresentations - Against All Defendants]**

222. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

223. Defendants made Misrepresentations and failed to disclose Concealed Facts as alleged, negligently, without due care, and without reasonable and sufficient diligence, inquiry, investigation and other legal and factual bases or justification to believe said Misrepresentations or to assert or make those Misrepresentations to Plaintiff as being true, complete and accurate, and/or to induce Plaintiff's reliance on those Misrepresentations.

224. As a direct and proximate result of Defendants' negligent and fraudulent

Misrepresentations, Plaintiff has suffered damages in a sum to be determined by proof, but at least exceeding $ 2, 700,000, together with interest accruing on said principal sum at the maximum legal rate.

**SEVENTH CLAIM FOR RELIEF**

**[Breach of Contract - Against All Defendants]**

225. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

226. In or about October 2022, Defendant Star Scientific, itself and through the other named Defendants, acting pursuant to Defendants' Conspiracy and individually, made certain written and oral contracts with Plaintiff Clonts for Plaintiff's purchase of Star Scientific Shares.

227. Defendants have breached and continue to breach these oral and written contracts as hereinabove stated, including by their selling worthless Star Scientific Shares to Plaintiff and by their knowing and intentional Misrepresentations and failure to disclose Concealed Facts in their sale of those Shares.

228. Plaintiff has performed and complied with all terms, covenants and conditions required to be performed by Plaintiff pursuant to these written and oral contracts, including by paying the total sum of $2,700,000.00 to Defendants for the purchase of the Shares.

229. As a direct and proximate result of Defendants' breaches of contract, Plaintiff has suffered damages in a sum to be determined by proof, but at least or exceeding $2,700,000 USD, together with interest accruing on said principal sum at the maximum legal rate.

**EIGHTH CLAIM FOR RELIEF**

**[Breaches of Implied Covenants of Good Faith and Fair Dealing – Against All Defendants]**

230. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

**Duffy Law Group, P.C.**
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

231. Implied in the contracts and agreements made between Plaintiff and Defendants whereby Plaintiff paid to Defendants the total sum of $ 2,700,000 USD for the Shares is and was a covenant of good faith and fair dealing.

232. By the covenant, no party to an agreement will do anything that would have the purpose and/or effect of impairing, destroying or injuring the rights of the other parties to receive the benefits of the parties' agreement. The law further implies a covenant in all agreements that each party will do all things necessary and/or reasonably contemplated by the terms of the agreement to accomplish and/or effectuate the purposes of the agreement.

233. In their conduct as herein alleged, Defendants, and each of them, have breached the covenant of good faith and fair dealing by violating the terms, purposes, intentions and spirit of the agreements with Plaintiff whereby Plaintiff purchased and Defendant Gaian sold the Shares pursuant to Defendants' Conspiracy.

234. As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages in a sum to be determined by proof, but at least or exceeding $2,700,000 USD, together with interest accruing on said principal sum at the maximum legal rate.

## NINTH CLAIM FOR RELIEF

**[Violations of California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq Against All Defendants]**

235. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

236. Defendants have committed unlawful, unfair and/or fraudulent business activities and practices in their conduct with Plaintiff as described herein.

237. Defendants, and each of them, have acted with the intent and purpose to defraud and damage Plaintiff.

238. By such conduct, Defendants, and each of them, have violated the California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq. by engaging in such unfair, unlawful and fraudulent business practices as alleged.

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

239. As a direct and proximate result of Defendants' violations of the foregoing statutes, Plaintiff has suffered damages in a sum to be determined by proof, but at least or exceeding $2,700,000 USD, together with interest accruing on said principal sum at the maximum legal rate.

240. Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

**TENTH CLAIM FOR RELIEF**

**[For Money on Common Counts - Against All Defendants]**

241. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

242. Defendants have become and remain indebted to Plaintiff in the total principal sum of $2,700,000 USD for money paid to Defendants by Plaintiff and for monies had and received by Defendants from Plaintiff.

243. No part of said indebtedness has been paid or repaid by Defendants to Plaintiff and the entire principal sum of $2,700,000.00, together with interest accruing thereon at the maximum legal rate, remains due, owing and unpaid by Defendants to Plaintiff.

**ELEVENTH CLAIM FOR RELIEF**

**[For Violations of the Investment Advisers Act of 1940 - Against All Defendants]**

244. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

245. In Defendants' marketing, solicitations and Securities Transactions with Plaintiff, including the sale of the Shares to Plaintiff, Defendants Horvaths, Briggs, and Gaian each were acting as "investment advisers" as defined by the Federal Investment Advisers Act of 1940 ("Investment Advisors Act").

246. These Defendants are not now and never have been registered with the United States Securities and Exchange Commission ["SEC"] under Section 203 of the Investment Advisors Act, including when said Defendants purported to advise and induce

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

Plaintiff to purchase the Shares.

247. Additionally, neither Defendant Star Scientific nor any other of the Defendants is now or was, at any relevant time herein, registered with the SEC as required by that statute.

248. All Defendants violated the Investment Advisors Act in the foregoing regards, among others.

249. Plaintiff is and was a “client” of Defendants pursuant to Section 222(d) of the Investment Advisors Act, and Rules thereunder.

250. As a result of Defendants’ violations of the Investment Advisors Act, Plaintiff is entitled to rescind the Securities Transactions whereby Plaintiff paid to Defendants the sum of $ 2,700,000 USD, for his purchase of the Shares.

251. Plaintiff further is entitled to restitution, in the principal sum of $ 2,700,000 USD, which Plaintiff paid for the Shares, together with interest accruing at the maximum rate provided by law, and any damages permitted by law, according to proof.

252. Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

**<u>TWELFTH CLAIM FOR RELIEF</u>**

**[For Violations of California Corporate Securities Law of 1968- §§ 25401 and 25501 Against All Defendants]**

253. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

254. The offering of the unregistered Star Scientific Securities, including the Shares, and the fraud with respect thereto committed by Defendants violated the California Corporate Securities Law of 1968, § 25401.

255. As a result of Defendants’ violations of the California Corporate Securities Law of 1968, Plaintiff is entitled to rescind the Securities Transactions whereby Plaintiff paid to Defendants the sum of $2,700,000 USD, for his purchase of the Star Scientific Shares.

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

256. Plaintiff further is entitled to restitution, in the principal sum of $2,700,000.00, which Plaintiff paid for the Shares, together with interest accruing at the maximum rate provided by law, and any damages permitted by law, according to proof.

257. Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

**THIRTEENTH CLAIM FOR RELIEF**

**[For Violations of California Corp. Code §§ 25009, 25009.5, 25230, and 25235 - Against All Defendants]**

258. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

259. In their solicitations and the offers and sale of the Shares to Plaintiff, Defendants Horvaths, Briggs, and Gaian each were acting as an "investment adviser" and/or "investment advisor representative" as defined by Cal. Corp. Code §§ 25009 and 25009.5.

260. None of such aforementioned Defendants is now or has ever been licensed with the Commissioner of Financial Protection and Innovation as an "investment adviser" and/or "investment advisor representative" as required under Cal. Corp. Code § 25230.

261. The offer and sale of the Shares to Plaintiff, and the Misrepresentations and failure to disclose Concealed Facts by all Defendants, constitute a fraudulent practice within the meaning and scope of the California Corporate Securities Law of 1968 § 25235 and Defendants thereby are liable to Plaintiff for all losses incurred as result thereof, including the sum of $2,700,000 USD, together with interest accruing on said principal amount at the maximum legal rate.

262. Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

**FOURTEENTH CAUSE OF ACTION**

**[Breaches of Fiduciary Duties- Against All Defendants]**

263. Plaintiff realleges and incorporates herein by reference each and all

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

allegations in Paragraphs 1 through 173, inclusive, of this Complaint as if set forth in full.

264. Fiduciary duties existed between Plaintiff Clonts and Defendants Horvaths, Briggs, and Gaian, acting for themselves, for Star Scientific and in furtherance of their Conspiracy.

265. Defendants, and each of them, have violated their fiduciary duties to Plaintiff.

266. As a direct and proximate result of Defendants' breaches of fiduciary duties, Plaintiff has been damaged in a sum according to proof but at or exceeding $2,700,000 USD.

267. Defendants have acted with oppression, fraud and malice in the foregoing matters for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

**PRAYER FOR JUDGMENT**

Plaintiff Matthew Clonts prays for judgment against, Defendants, and each of them, as follows:

1. On the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth and Fourteenth Claims for Relief, for Plaintiff's damages according to proof, at or exceeding $2,700,000;

2. On the Second, Fourth, Fifth, Eleventh and Twelfth Claims for Relief, for rescission of the purchase of Star Scientific Shares made by Plaintiff in October 2022, and for restitution to Plaintiff of the entire $2,700,000 USD sum paid by Plaintiff for those Company Shares;

3. On the Tenth Claim for Relief, for money in the principal sum of $2,700,000 USD, together with interest accruing thereon at the maximum legal rate;

4. On the First, Second, Third, Fourth, Ninth, Eleventh, Twelfth, Thirteenth and Fourteenth Claims for Relief, for punitive and exemplary damages against Defendants, and each of them;

5. On the Third Claim for Relief, for injunctive relief against Defendants, and

Duffy Law Group, P.C.
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949

each of them;

6. For Plaintiff's reasonable attorneys' fees as incurred herein;

7. For Plaintiff's costs of suit as incurred herein; and

8. For such other and further relief as the Court may deem just and proper.

DATED: August 17, 2026 DUFFY LAW GROUP

By: *Anthony C. Duffy*
Anthony C. Duffy
Travis Teague
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby requests and makes this demand for a jury trial in and of this action.

DATED: August 17, 2026 DUFFY LAW GROUP

By: *Anthony C. Duffy*
Anthony C. Duffy
Travis Teague
Attorneys for Plaintiff